Commonwealth of Pennsylvania *v.* Meadville Cooperative Association, Appellant.

258

Argued February 1, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lloyd R. Persun,* with him *Shearer, Mette & Woodside,* for appellant.

*Paul S. Roeder,* Deputy Attorney General, for appellee.

Opinion by President Judge Bowman, March 14, 1977:

This is an appeal from a determination of the Board of Finance and Revenue (Board) denying Meadville Co-operative Association's (appellant) petition for refund of sales and use taxes paid during the years 1969 and 1970. The facts as stipulated may be briefly related as follows.

Appellant is a co-operative agricultural association as defined by the Co-operative Agricultural Association Corporate Net Income Tax Act (Act), Act of May 23, 1945, P.L. 893, 72 P.S. §3420-21 et seq., and for the years 1968 through 1973 duly paid the tax levied by the Act. During the years 1969-1973, appellant also paid sales and use taxes on tangible personal property acquired by it for its own use. It is conceded by the Commonwealth that our decision in *Lehigh Valley Cooperative Farmers v. Commonwealth,* 8 Pa. Commonwealth Ct. 18, 305 A.2d 908 (1972), entitles petitioner to a refund of said sales and use taxes paid during the years 1971, 1972 and 1973, and such refund was granted upon appellant's petition by the Bureau of Sales and Use Tax (Bureau). The Bureau, however, denied appellant's petition for the years 1969 and 1970 on the ground that the three year period of limitation contained in subsection (a) of Section 253 of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §7253(a), controlled and not the five year period of limitation contained in subsection (d) of that Section. The Board of Finance and Revenue affirmed and this appeal followed. It raises only the question of which subsection of Section 253 applies. We reverse.

Section 253 of the Code provides, in pertinent part:

(a) Except as provided for in section 256 and in subsection (b) and (d) of this section, the refund or credit of tax, interest or penalty provided for by section 252 shall be made only where the person who has actually paid the tax files a petition for refund with the department within three years of the actual payment of the tax to the Commonwealth. Such petition for refund must set forth in reasonable detail the grounds upon which the taxpayer claims that the Commonwealth is not rightfully entitled to such tax, interest or penalty, in whole or in part, and shall be accompanied by an affidavit affirming that the facts contained therein are true and correct. . . .

. . . .

(d) Notwithstanding any other provision of this section where any tax, interest or penalty has been paid under a provision of this article subsequently held by final judgment of a court of competent jurisdiction to be unconstitutional, or under an interpretation of such provision subsequently held by such court to be erroneous, a petition for refund may be filed either before or subsequent to final judgment, but such petition must be filed within five years of the date of the payment of which a refund is requested. . . . (Footnote omitted.)

A comparison of these provisions reveals that subsection (a) of Section 253, prescribing a three year limitation on refunds, is specifically declared not applicable to circumstances within the scope of subsection (d) which in turn prescribes a five year rather than a three year limitation on refunds. It is also significant in ascertaining the legislative intent as to the scope of these subsections to note that subsection (a) attaches to one's entitlement to refund only the con-

dition that the Commonwealth was not "rightfully entitled" to the sale or use tax paid, thus affording to taxpayers a broad and general criteria to seek refund of such taxes paid but within a more limited period of time than that afforded by subsection (d). Subsection (d) addresses itself to refund of taxes under more complex and sophisticated circumstances, (1) when a provision of the sales and use tax has been declared unconstitutional by final judgment of a court of competent jurisdiction or, (2) under an interpretation of this tax statute subsequently declared to be erroneous by such a court.

Given the clearly defined and mutually exclusive purposes served by these two subsections, we shall consider the arguments advanced by the Commonwealth.

First, the Commonwealth argues that *Lehigh Valley, supra,* did not hold erroneous an interpretation of any provision of Article II of the Code but must be considered as limited to an interpretation of the exemption provisions of the Co-operative Agricultural Association Corporate Net Income Tax Act, 72 P.S. §3420-23. *Lehigh Valley* involved a petition for refund of sales and use taxes and necessarily directed itself to an interpretation by the Commonwealth which denied *exemption* from sales and use taxes for co-operative agricultural associations subjected to the tax imposed by that Act, 72 P.S. §3420-23. The Commonwealth asserted tax liability under the sales and use tax (Code). We declared erroneous the Commonwealth's interpretation of the applicability of the sales and use tax to such associations. It cannot now assert, simply because two distinct statutes were involved and considered in reaching our conclusion, that it had not erroneously interpreted the applicability of the sales and use tax. But for such an interpretation *Lehigh Valley* would be an abstraction.

Secondly, the Commonwealth asserts that because appellant voluntarily paid the sales and use taxes of which refund is sought, the erroneous interpretation was appellant's—not the Commonwealth's—and, therefore, appellant is not within the scope of or entitled to the benefit of the extended limitation period afforded by subsection (d). To dispose of this contention, we need only note that subsection (d) speaks of *an* interpretation subsequently held erroneous. It does not direct itself to *whose* interpretation was erroneous nor does it attempt to assign responsibility for such misinterpretations.[1] To read this subsection as asserted by the Commonwealth would require us to ignore the plain and unqualified language of the statute and this we cannot do. Section 3 of the Statutory Construction Act of 1972, 1 Pa. C.S. §1903.

Nor can the voluntary nature of the payments made by appellant affect our decision because subsection (b) of this section, 72 P.S. §7253(b), which imposes a six month limitation period upon refund petitions involving tax paid pursuant to an assessment, preempts the area of involuntary payments.[2]

The Commonwealth's final contention, that there has been no final judgment of a court of competent jurisdiction because *Lehigh Valley, supra,* was finally

---

[1] Were we compelled to assign blame for the misinterpretation of the pertinent provisions of the Code, we would be hard pressed indeed not to assign at least partial blame to the Commonwealth. For example, the litigation culminating in our decision in *Lehigh Valley, supra,* would never have arisen had the Commonwealth not been interpreting the Code as imposing a sales and use tax upon agricultural cooperatives.

[2] The Commonwealth relies in part upon a revenue ruling effective between January 1, 1969, and July 6, 1970, which purported to exempt from sales and use taxes agricultural cooperatives such as appellant. In view of the above discussion, we do not feel it necessary to further discuss this, but we do note that in *Lehigh Valley, supra,* the Commonwealth argued that this ruling was null and void and was to be ignored.

settled by stipulations, is patently specious. *Lehigh Valley* was a final judgment insofar as it settled the issue of liability of agricultural cooperatives for sales and use taxes. The stipulations entered into by the parties to *Lehigh Valley* were concerned solely with fixing the amount of the refund.

We hold, therefore, that the sales and use taxes paid by appellant in 1969 and 1970 were made under an interpretation of provisions of the Code and of a predecessor to Article II of the Code,[3] subsequently held erroneous by a final judgment of a court of competent jurisdiction, thereby bringing appellant within the scope of and entitling it to the five year limitation period prescribed by subsection (d) of Section 253 of the Code.[4]

Finally, we note that the Commonwealth is not liable for interest upon a refund absent a contrary statute. There being no such statute, appellant's prayer for interest must be denied. *Commonwealth v. Philadelphia Gas Works*, 25 Pa. Commonwealth Ct. 66, 358 A.2d 750 (1976).

## Order

Now, March 14, 1977, the determination of the Board of Finance and Revenue is hereby reversed. Unless exceptions are filed within thirty (30) days of

---

[3] The Tax Act of 1963 for Education, Act of March 6, 1956, P.L. (1955) 1228, *repealed by* the Act of March 4, 1971, P.L. 47.

[4] In *Lehigh Valley, supra,* we limited the refund to three years. The distinction between *Lehigh Valley* and the case at bar is that here the petition for refund postdated a final order of a court of competent jurisdiction, *i.e., Lehigh Valley,* thereby invoking the second sentence of subsection (d) of Section 253 of the Code:

The department shall have jurisdiction to hear and determine any such petition filed prior to such final judgment only if, at the time of filing of the petition, proceedings are pending in a court of competent jurisdiction wherein the claim of unconstitutionality or of erroneous interpretation, made in the petition for refund may be es-

the date of this Order, the Chief Clerk is hereby directed to enter judgment in favor of Meadville Cooperative Association and against the Commonwealth in the amount of $830.64.

tablished, and in such case, the department shall not take final action upon the petition for refund until the judgment determining the question involved in such petition has become final.